IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00092-CV

 

Hot Rod Hill Motor Park and 

Roger DEEwayne Brown,

                                                                                    Appellants

 v.

 

Donmichael Lucas Triolo,

                                                                                    Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 04-001812-CV-361

 



ORDER FOR MEDIATION



 








The Legislature has provided for the resolution of
disputes through alternative dispute resolution (ADR) procedures.  See Tex. Civ. Prac. & Rem. Code Ann. §§
154.001-.073 (Vernon 2005).  The policy behind ADR is stated in the statute:

§ 154.002. Policy

It is the policy of this state to encourage the
peaceable resolution of disputes…and the early settlement of pending litigation
through voluntary settlement procedures.

 

Id. § 154.002.

We believe that referral of this matter is
appropriate for resolution by mediation, a mandatory but non-binding settlement
conference, conducted with the assistance of the mediator.  Mediation is
private, confidential, and privileged.  See id. §§ 154.021, 154.023(a); 10th Tex. App. (Waco) Loc. R. 9.

The parties shall confer and attempt to agree upon
a mediator.  Within 14 days after the date of this order, Appellant shall file
a notice of the agreement with the Clerk of this Court which either names a
mediator or states an inability to agree upon a mediator.  In the latter event,
the Court will assign a mediator.  The
mediator will negotiate a reasonable fee with the parties, and Appellant and
Appellee shall each pay one-half of the mediation fees directly to the mediator. 
The total fee will ultimately be taxed as costs by the Court.

The parties are directed to confer with the mediator
to establish a date for the mediation.  In the event the parties cannot agree
on a date for the mediation, the mediator shall select and set a date and time,
within 30 days after the date of this order.

At least three days before the first scheduled
mediation session, each party shall provide the mediator and all other parties
with an information sheet setting forth the party’s positions about the issues
in the case and produce all information (including their respective appellate
briefs) necessary for the mediator to understand the issues presented.  The mediator
may require any party to supplement the information required by this Order.

Named parties and their counsel shall attend and be
present during the entire mediation process.  Failure or refusal to attend the
mediation as ordered may result in the imposition of sanctions, as permitted by
law.

After mediation, the mediator must advise the
Court forthwith, in writing, when the process was completed, whether the
parties and their counsel appeared as ordered, whether a settlement resulted,
and the amount and terms of his fee agreement.  The mediator shall send a copy
of the report to each party.

Any objection to this Mediation Order must be
filed with this Court and served upon all parties within ten days or it is
waived.

 

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Order
issued November 5, 2008 

Do
not publish